

**TONYA SHY, ESQ.**

***BRIAN D. GRANVILLE, ESQ.**
***Admitted in California & Georgia**

**** JAMES L. WALKER, JR., ESQ.** - *Of Counsel*
****Admitted in Georgia & Connecticut**

OFFICE: 678-604-7948
FAX: 770-892-1805

February 10, 2015

VIA CM/ECF

Hon. P. Kevin Castel
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

**Yaina Williams v. A&E Television Networks et al., 14-cv-09893 (consolidated)**

Dear Judge Castel:

On December 19, 2014, the parties were ordered to submit a joint letter addressing (1) a brief description of the case, including the factual and legal basis for the claim(s) and defenses; (2) any contemplated motions; and (3) the prospect for settlement five business days before the Initial Pretrial Conference which is scheduled for February 18, 2015 set 11:15 am.

**Plaintiffs' Position**

This is a case of copyright infringement arising out of Defendants' creation and exploitation of a "reality show" entitled Married at First Sight, which is based on and copied from copyrighted property authored and owned by Plaintiff.  Plaintiff is the creator, sole owner, and copyright holder in the "reality show" Married at First Sight based on the premise that couples would meet and marry within a very shortened period of time and that their lives as a married couple would be chronicled as part of the show.

Plaintiff created and developed the original characters and the stories that comprise Married at First Sight. In fact, all of the scenarios which appear in the Defendants' Married at First sight appear in the plaintiff's treatment. In December 2011, Plaintiff uploaded the treatments for Married at First Sight on a website called TV Writer's Vault.  In February 2012, long before the release of Defendants' Married at First Sight, Plaintiff was notified by TV

Granville/Shy, LLC
ATTORNEY & COUNSELOR AT LAW
A LIMITED LIABILITY COMPANY

February 10, 2015
2/10/2015 Page 2

Writers Vault that a TV executive from Lifetime requested her property for Married at First Sight. Lewis Goldstein, an executive representative from Lifetime TV had downloaded her property on February 4, 2012. That access to Plaintiff's Property enabled Defendants to create and exploit their own Married at First Sight "reality show," which is an infringement of Plaintiff's copyrights in violation of the United States Copyright Act federal Copyright Act, 17 U.S.C. § 101, et seq. In July 2014, FYI Network, a cable and digital network owned by A&E Television Networks began promoting and subsequently airing the Infringed Property.

The Plaintiff can establish that she owns a valid copyright to the television show entitled "Married at First Sight," that Defendants infringed upon that right when they created the series, and that Defendants have copied and intend to continue copying the Plaintiff's work and the expressions contained thin in order to make and continue to make the series "Married at First Sight", without Plaintiff's license, authority, or consent.

**Defendant's Position**

A&E Television Networks, LLC ("AETN"), its division FYI Television Network ("FYI"), and AETN's subsidiary, Lifetime Entertainment Services ("Lifetime"), (together, the "AETN Defendants"), contend Plaintiff's claims have no merit for several independently sufficient reasons. By way of background, beginning in 2014, FYI has broadcast an unscripted television series titled "Married at First Sight." Plaintiff contends the source of the FYI series is her treatment, which she contends was downloaded from a website by a former Lifetime executive, defendant Lewis Goldstein. To the contrary, the source of the FYI series is a similar series that was first broadcast in Denmark in 2013. The Danish series was created by Michael Von Würden, and produced and owned by Red Arrow Entertainment ("Red Arrow"). The Danish series is now in its second season. An FYI executive learned about the very successful Danish program and acquired the format from Red Arrow. Moreover, Mr. Goldstein left Lifetime's employ in June 2010, long before he is alleged to have downloaded Plaintiff's treatment. The executive who acquired the format for the FYI program knew nothing of Plaintiff or her treatment until this lawsuit was filed. That FYI executive does not know Mr. Goldstein, and she has never heard of the website from which he allegedly downloaded Plaintiff' treatment. Finally, Mr. Goldstein has no connection to FYI, which did not exist when he worked for Lifetime.

To prove her claims, plaintiff must establish she owns a valid copyright and that the AETN Defendants copied constituent elements of her work that are original. *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 117 (2d Circ. 2010). In the absence of direct evidence of copying, Plaintiff can prove an inference of copying by demonstrating that defendant had access to her work, and that her work is substantially similar to defendants' work. Plaintiff cannot prove either of these necessary elements of her claims.

Plaintiff cannot prove the first element because her treatment (a copy of which is attached to the Complaint) consists entirely of stock ideas and scenes a faire, none of which is protected by copyright. Even taking the ideas in her treatment together, there is nothing about the selection, coordination or arrangement of them that amounts to copyrightable subject matter. *See e.g. Castorina v. Spike Cable Networks, Inc.*, 784 F.Supp.2d 107 (E.D.N.Y. 2011). But even if

Granville/Shy, LLC
ATTORNEY& COUNSELOR AT LAW
A LIMITED LIABILITY COMPANY

*February 10, 2015*
*2/10/2015Page 3*

plaintiff could show that some aspect of her treatment is subject to copyright protection, she could not show that the AETN Defendants copied her work, either directly, or through evidence of access and substantially similarity.  Plaintiff has no direct evidence of copying, and therefore, must prove copying by evidence of access and substantial similarity of the works.  With respect to access, as noted above, the alleged connection to the AETN Defendants, Mr. Goldstein, left Lifetime's employ nearly two years before Plaintiff alleges he downloaded her treatment, and four years before FYI acquired the format from Red Arrow, the producers of the Danish series.  With respect to substantial similarity, to the extent there are similarities between Plaintiff's treatment and the FYI series, they exist only at the highest level of abstraction, and as to merely unprotectable stock elements and scenes a faire that are inherently functional.  Finally, Defendants will prove they created the show independently of Plaintiff's treatment.

### Contemplated Motions

Plaintiff does not have any contemplated motions at this time.  Defendants contemplated motions are a 12(b) (6) on the grounds that (1) plaintiff's treatment is not subject to copyright protection, and (2) to the extent plaintiff can claim copyright protection, her treatment is not substantially similar to the AETN Defendants' television series.  If plaintiff survives the 12(b)(6) motion, after the close of fact discovery, we expect to file a motion for summary judgment that, in addition to one or both of the above arguments, will argue independent creation.

### Prospect for Settlement

After a pre-fling exchange of information, there is no current prospect for settlement.

Respectfully Submitted,

/s/ Tonya Shy_____

Tonya Shy

cc: Bradley Ellis